UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTOPHER LANCE LAUDUN          CIVIL ACTION NO. 6:20-cv-00289
and RHONDA LAUDUN

VERSUS                            JUDGE JUNEAU

TARGET CORPORATION, ET AL.        MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending is the motion to remand (Rec. Doc. 10) that was filed by

the plaintiffs, Christopher Lance Laudun and Rhonda Laudun.  The motion is

opposed.  (Rec. Doc. 14).  The motion was referred to the undersigned magistrate

judge for review, report, and recommendation in accordance with the provisions of

28 U.S.C. § 636 and the standing orders of this Court.  Considering the evidence, the

law, and the arguments of the parties, and for the reasons fully explained below, it

is recommended that the motion be denied.

## Background

This lawsuit originated in the 15th Judicial District Court, Lafayette Parish,

Louisiana.  It was removed by defendants Target Corporation and Jared Simon.  In

the removal notice, the removing defendants alleged that the court has subject-matter

jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse

in citizenship and the amount in controversy exceeds the statutory minimum.  The

removing defendants based their jurisdictional allegation of diversity on the

contention that Mr. Simon, whose citizenship is not diverse from that of the plaintiffs, was improperly joined as a defendant in the suit.

The plaintiffs alleged in their petition that Mr. Laudun was injured on November 5, 2018, when he slipped and fell on a wet floor in an aisle near the electronics section of the Target store on Louisiana Avenue in Lafayette, Louisiana. They alleged that Mr. Laudun did not observe the puddle before he fell and further alleged that there were no warning signs alerting the public to the "slippery, wet, and dangerous condition."[1]  The plaintiffs further alleged that Mrs. Laudun sustained loss of consortium damages as a result of Mr. Laudun's injuries.  They sued Target, its unidentified insurer, and Mr. Simon.  They alleged that the negligence of Target and/or its employees, including Mr. Simon, caused Mr. Laudun's accident.  They further alleged that Mr. Simon "was employed in a managerial position by Target at the time of the accident"[2] and that Target is vicariously liable for Mr. Simon's alleged negligence.[3]  They alleged that the defendants collectively caused the accident by failing to warn of a dangerous condition, failing to properly supervise and maintain the store premises, failing to inspect the store for dangerous conditions,

---

[1]     Rec. Doc. 1-6 at 3.

[2]     Rec. Doc. 1-6 at 2.

[3]     Rec. Doc. 1-6 at 3.

failing to take all necessary precautions for their customers' safety, failing to correct dangerous conditions, failing to detour customers away from hazardous situations, and failing to train and supervise employees in proper cleaning and safety.  The plaintiffs also alleged that Mr. Simon, as a Target employee and manager of the store where the incident occurred, owed a duty to all of Target's customers to maintain a safe environment in all areas of the store.[4]

Target argued in its removal notice that Mr. Simon was improperly joined as a defendant and that his citizenship should not be considered in determining whether the court has subject-matter jurisdiction over this action.  The plaintiffs responded with the instant motion to remand, arguing that the court lacks subject-matter jurisdiction because Mr. Simon is a citizen of Louisiana who is not diverse in citizenship from the plaintiffs, who are also Louisiana citizens.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[5]  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter

---

[4]    Rec. Doc. 1-6 at 5.

[5]    See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

jurisdiction."[6]   A federal court has "diversity jurisdiction" when the amount-in-controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all of the defendants.[7]   A removing party bears the burden of establishing diversity jurisdiction.[8]   "Any ambiguities are construed against removal and in favor of remand to state court."[9]

## A.    <u>The Amount in Controversy</u>

The plaintiffs do not dispute the defendants' allegation that the amount-in-controversy requirement is satisfied in this case.   The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[10]   To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[11]   When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of

---

[6]      28 U.S.C. § 1447(c).

[7]      See 28 U.S.C. § 1332(a).

[8]      *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

[9]      *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d at 723; *Acuna v. Brown & Root, Inc*., 200 F.3d 335, 339 (5th Cir. 2000)).

[10]      *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[11]      *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

the evidence that the amount in controversy exceeds the jurisdictional threshold.[12] This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[13]  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[14]  Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[15]  Any doubts as to the propriety of removal should be construed strictly in favor of remand.[16]

---

[12]    *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[13]    *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[14]    *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[15]    *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[16]    *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

In this case, the amount in controversy was not apparent on the face of the plaintiffs' petition. However, in their removal notice, the defendants represented that Mr. Laudun claimed that the accident caused intervertebral disc displacement and lumbar stenosis for which he underwent an epidural steroid injection and a lumbar laminectomy at L5-S1 after the incident. They alleged that Mr. Laudun's medical expenses related to this treatment were $48,318.65 at the time of removal. They further alleged that, on October 31, 2019, the plaintiff had valued his damages at $250,000 in a settlement demand emailed to the defendants' insurance adjuster.[17] The plaintiffs did not dispute any of these representations. "While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, 'it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.'"[18] Due to the nature of Mr. Laudun's alleged injuries, the type of medical treatment he received after the incident, the value of his pre-removal settlement demand, and the plaintiffs' express failure to object to the amount in controversy,[19]

---

[17]    Rec. Doc. 14-2 at 1.

[18]    *Clay v. State Farm Mutual Automobile Insurance Company*, No. 19-263-JWD-RLB, 2019 WL 5616897, at *3 (M.D. La. Oct. 15, 2019), report and recommendation adopted, 2019 WL 5596407 (M.D. La. Oct. 30, 2018) (citations omitted).

[19]    Rec. Doc. 10-1 at 2.

this Court finds that the removing defendants have satisfied their burden of establishing that the amount in controversy exceeds the jurisdictional threshold.

**B.    <u>Diversity of Citizenship</u>**

The parties to this lawsuit are not diverse in citizenship.  In their petition, the plaintiffs alleged that they reside in Louisiana and that Mr. Simon also resides in Louisiana.  The citizenship of a natural person is determined by the state in which he is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[20]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[21]  Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[22]  For that reason, the undersigned will accept that Mr. and Mrs. Laudun and Mr. Simon are Louisiana citizens since there is no objection from the other parties.  Therefore, complete diversity is lacking.

In the removal notice and again in opposition to the motion to remand, the removing defendants alleged that Target is a corporation that was organized under the laws of Minnesota and has its principal place of business in Minnesota.  A

---

[20]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[21]    *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[22]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571.

corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[23]  Therefore, Target is a Minnesota citizen.

The final defendant is the unidentified insurance company that was referred to by a fictitious name in the plaintiffs' petition.  The citizenship of a defendant sued under a fictitious name is disregarded for purposes of determining whether the parties are diverse.[24]

Accordingly, the insurance company's citizenship must be disregarded, Target is diverse in citizenship from the plaintiffs, but Mr. Simon is a citizen of the same state as the plaintiffs.

## C.    <u>Improper Joinder</u>

In the removal notice and in opposition to the plaintiffs' motion to remand, the removing defendants argued that Mr. Simon's sharing the same citizenship with the plaintiffs does not destroy the court's subject-matter jurisdiction because Mr. Simon was improperly joined as a defendant in this lawsuit.  The doctrine of improper joinder is a narrow exception to the complete diversity requirement.[25]  The removal statutes "entitle a defendant to remove to a federal forum unless an in-state

---

[23]    28 U.S.C. § 1332(c)(1).

[24]    28 U.S.C. § 1441(b)(1).  See, also, *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001).

[25]    *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

defendant has been 'properly joined.'"[26]  "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[27]

To establish improper joinder, the removing defendants must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiffs' inability to establish a cause of action against the nondiverse party in state court.[28]  Here, there is no allegation of actual fraud.  Therefore, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[29]

A defendant who contends that a nondiverse party is improperly joined has a heavy burden of proof.[30]  The court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the

---

[26]    *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[27]    *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 573.

[28]    *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

[29]    *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d at 648).

[30]    *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.[31] The sufficiency of a plaintiff's state-court petition for purposes of the improper joinder analysis is measured under federal court pleading standards.[32]  Thus, the analysis used to determine whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[33]

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[34]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35]  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[36]  As part

---

[31]     *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

[32]     *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[33]     *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573.

[34]     *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[35]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[36]     *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

of this analysis, the court must proceed in two steps. First, the court must separate legal conclusions from well-pleaded facts.[37] Second, the court must review the well-pleaded factual allegations, assume them to be true, and then determine whether they "plausibly give rise to an entitlement of relief."[38] "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[39]

In deciding whether a defendant was improperly joined, a court must proceed as follows:

> First, a court looks at the allegations contained in the complaint. If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court."[40]

Thus, a court, in its discretion, must either conduct a Rule 12(b)(6)-type analysis, or pierce the pleadings and conduct a summary inquiry.[41]

---

[37]    *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

[38]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

[39]    *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

[40]    *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (internal citations omitted).

[41]    See *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d at 207.

Importantly, a "summary inquiry" should not be confused with a "summary judgment inquiry."  In a summary inquiry, the court considers summary-judgment type evidence, but "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal."[42] Instead, the removing defendant must affirmatively preclude the possibility of recovery.[43]  In a summary inquiry, any contested issues of fact and any ambiguities of state law must be resolved in the non-removing plaintiff's favor.[44]

The claim asserted against Mr. Simon in this case is indistinguishable from the claim asserted against his alleged employer, Target.  Indeed, the plaintiffs expressly alleged that Target is vicariously liable for any negligence on Mr. Simon's part that resulted in Mr. Laudun's claimed injuries.  The plaintiffs alleged that Target and Mr. Simon all owed the same duties to the patrons of the store where the incident allegedly occurred to exercise reasonable care to keep the store's premises in a reasonably safe condition and to warn of hazardous conditions.  There is no allegation in the original or amended petitions suggesting that Mr. Simon owed any duties separate from the duties allegedly owed by Target.

---

[42]    *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.

[43]    *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.

[44]    *Travis v. Irby*, 326 F.3d at 649.

The analysis set forth in *Canter v. Koehring Co.*[45] governs whether Mr. Simon may be held personally liable in this case.[46]  Under *Canter*, an employee is personally liable only when (1) the employer owes a duty of care to a third party, the breach of which has caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant employee; (3) the employee breached the duty through personal (not technical or vicarious) fault; and (4) the employee cannot be held liable because of his general administrative responsibility for performance of some function of the employment.  Therefore, "in order for an individual employee to be liable to a third person, the plaintiff must show that the employee breached an independent, personal duty to the customer."[47]

> Among the requirements for imposing personal liability on a managerial employee is that he breached his duty through personal rather than technical or vicarious fault.  Such fault cannot be imposed upon the employee simply because of his general administrative responsibilities.  Because of these requirements, courts have routinely held that retail store and restaurant managers were not personally liable for a customer's injury on a store premises when the manager had no connection to the accident other than general managerial responsibilities.[48]

---

[45]    *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), superseded by statute on other grounds, La. R.S. 23:1032.

[46]    See, e.g., *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th 2009).

[47]    *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958, 960 (W.D. La. 1995).

[48]    *Watson v. Daniel*, No. 14-cv-1122, 2015 WL 737650, at *4 (W.D. La. Jan. 9, 2015), report and recommendation adopted, 2015 WL 737048 (W.D. La. 2015).

In this case, the plaintiffs alleged that Mr. Simon was a Target employee at all relevant times and was "employed in a managerial position."[49]  The only allegation specific to Mr. Simon is that "as an employee and manager at Target, [he] owed a duty to Petitioner and all customers of Target to maintain a safe environment in all areas within which they are invited and encouraged to shop."[50]  The petition contains no allegation tying Mr. Simon to Mr. Laudun's accident in any more specific manner.  There is no allegation that he was in the store at the time of the accident, that he saw the accident occur, that he assisted Mr. Laudun after the accident, that he knew the wet substance was on the floor before the accident occurred, or that he caused the wet substance to be there.  Thus, there is no allegation in the petition differentiating Mr. Simon's duties from those of Target.

In his affidavit submitted along with the removing defendants' opposition brief, Mr. Simon affirmed that he was the "Leader on Duty" at the time of Mr. Laudun's incident, that he responded to the incident, that he observed a small puddle of a liquid substance near where Mr. Laudun fell, that he did not create the puddle, and that he had no knowledge of the puddle's existence until after the incident involving Mr. Laudun was reported to him.[51]

---

[49]    Rec. Doc. 1-6 at 5.

[50]    Rec. Doc. 1-6 at 5.

[51]    Rec. Doc. 14-1.

14

When the allegations set forth in the plaintiffs' petition are compared against the requirements of *Canter*, it is clear that the plaintiffs' allegations are insufficient to impose individual liability on Mr. Simon.  While the plaintiffs alleged that Mr. Simon owed a duty of care to Mr. Laudun, the plaintiffs did not allege that any duty was specifically delegated by his employer to this particular employee and no evidence was presented by the plaintiffs in support of any such potential allegation. Second, there is no allegation that Mr. Simon personally breached a duty that he owed to the plaintiffs through personal rather than technical or vicarious fault.  For example, there are no allegations that Mr. Simon was personally aware of the alleged condition of the area where Mr. Laudun allegedly fell, no allegation that he caused that condition to exist, no allegation that he personally failed to remedy that condition, and consequently no allegation that he could have warned Mr. Laudun or others of the condition.  Furthermore, under *Canter*, an employee cannot be held liable because of his general administrative responsibility for performance of some function of the employment.  But that is all the plaintiffs have alleged in this case: that Mr. Simon, as a manager of the Target store, had a general administrative responsibility for the area where the accident allegedly occurred.

For an employee of a defendant entity to be liable, he must owe a personal duty to the plaintiff that did not arise out of the defendant employee's general administrative responsibilities.  No such personal duty has been identified in this

case. The plaintiff did not allege that Mr. Simon owed or breached a personal duty to the plaintiffs that arose outside the scope of the duties for which Target is vicariously liable. Accordingly, this Court finds that the removing defendants met their burden of showing that the plaintiff has no reasonable possibility of recovery against Mr. Simon and, therefore, that Mr. Simon was improperly joined as a defendant in this action.

When Mr. Simon's citizenship is disregarded, as it must be since he was improperly joined, the plaintiffs and the remaining defendant are diverse in citizenship. Having found that the amount in controversy exceeds the jurisdictional minimum and that the properly joined parties are diverse in citizenship, the undersigned finds that this Court has subject-matter jurisdiction over this matter, under 28 U.S.C. § 1332. This ruling is consistent with several others issued by courts in this circuit under similar factual circumstances.[52]

Having found that the plaintiffs have no reasonable possibility of recovery against Mr. Simon, the nondiverse defendant, it is recommended that summary judgment be entered *sua sponte* in favor of Mr. Simon and against the plaintiffs,

---

[52] See, e.g., *Miciotto v. Hobby Lobby Stores, Inc.*, No. 6:19-cv-00735, 2019 WL 3944429, at *6 (W.D. La. Aug. 8, 2019), report and recommendation adopted, 2019 WL 3941059 (W.D. La. Aug. 20, 2019); *Mouret v. Walmart, Inc.*, No. 6:18-cv-01639, 2019 WL 2895752, at *4 (W.D. La. Apr. 29, 2019), report and recommendation adopted, 2019 WL 2895709 (W.D. La. July 2, 2019); *Luna v. PNK (Lake Charles), LLC*, No. 2:16-cv-01099, 2016 WL 6748029, at *4 (W.D. La. Sept. 27, 2016), report and recommendation adopted, 2016 WL 6747295 (W.D. La. Nov. 14, 2016).

dismissing the plaintiffs' claims against him without prejudice. "Summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery."[53]  However, it is recommended that the claim against Mr. Simon be dismissed without prejudice. As the Fifth Circuit has explained, "the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance."[54]

**D.    Attorneys' Fees**

The plaintiffs included in their motion a request for the recovery of attorneys' fees. Having found that the plaintiffs' motion should be denied, there is no basis for the recovery of attorneys' fees by the plaintiffs.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the plaintiffs' motion to remand (Rec. Doc. 10) should be DENIED;

IT IS FURTHER RECOMMENDED that the plaintiffs' claims against Jared Simon should be dismissed without prejudice; and

IT IS FURTHER RECOMMENDED that the plaintiffs' claim for attorneys' fees should be DENIED.

---

[53]    *Carriere v. Sears*, 893 F.2d 98, 102 (5th Cir. 1990). See, also, Rule 56(f)(3) of the Federal Rules of Civil Procedure.

[54]    *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d at 210 (emphasis in original).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[55]

Signed at Lafayette, Louisiana, this 22nd day of April 2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[55]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

18